Xiong v. Lynch

BIA
Hom, IJ
A070 896 268

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:
>    JON O. NEWMAN,
>    REENA RAGGI,
>    PETER W. HALL,
>        *Circuit Judges*.

_____

JIANG XIONG,
>    *Petitioner*,

>    v.                                    12-696
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim,
                         Law Office of Yee Ling Poon, LLC,
                         New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Blair T. O'Connor,
                         Assistant Director; Juria L. Jones,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jiang Xiong, a native and citizen of China, seeks review of a January 24, 2012, decision of the BIA affirming in part a July 22, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, denying Petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jiang Xiong*, No. A070 896 268 (B.I.A. Jan. 24, 2012), *aff'g in part* No. A070 896 268 (Immig. Ct. N.Y. City July 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the BIA's decision with respect to its finding that Jiang was subject to the persecutor bar, and the IJ's decision with respect to the alternative finding that Jiang failed to meet his burden of proof. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The

2

applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because substantial evidence supports the agency's finding that Jiang did not establish a well-founded fear of persecution, we need not reach the BIA's finding that Jiang's conduct as a driver for family planning officials in China rendered him a "persecutor" under the Immigration and Nationality Act ("INA"). *See Xu Sheng Gao v. U.S. Att'y Gen.*, 500 F.3d 93, 98 (2d Cir. 2007); 8 U.S.C. §§ 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i).

Jiang does not contend that he was persecuted in China on account of his practice of Christianity and, accordingly, he was required to make an independent showing that he would be subject to harm if he returned to China, by demonstrating either that he would be singled out for persecution or that there existed a pattern or practice of persecution. See 8 C.F.R. § 1208.13(b). Substantial evidence supports the agency's conclusion that, as a lay member of a family church in his home province, Fujian, Jiang had not established a well-founded fear of persecution.

While Jiang points to evidence that the Chinese government continues to target underground churches and

3

their members, the agency reasonably found that, although suppression of religious groups in China occurs, Jiang had not demonstrated an objectively reasonable fear of persecution in his home province, Fujian. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.").

Jiang's argument that authorities in China would consider him to be a church leader due to his "zealous religious activities," including teaching and proselyting, is unpersuasive. Although Jiang's pastor testified that Jiang "taught Sunday school sometime[s]," Jiang testified that he had never been a "leader, a minister, a priest, a deacon, [or a] teacher at the church." Moreover, while Jiang argues that he faces persecution due to China's ban on public proselytizing, the only evidence in the record of him engaging in proselytism is his pastor's testimony that he brought colleagues and friends to the church. Given this limited testimony, and Department of State's International Religious Freedom Report for 2008's indication that proselyting is permitted in "private settings," Jiang's fear of persecution on the basis of these activities is not

4

objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that, absent "solid support" in the record, a petitioner's "fear speculative at best").

Accordingly, as substantial evidence supports the agency's finding that Jiang failed to establish a well-founded fear of persecution based on his practice of Christianity, the agency did not err in denying his application for asylum. Because he failed to meet the burden of asylum,Jiang necessarily failed to meet the higher burdens for withholding of removal and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5